999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Ahumada MARTINEZ, Defendant-Appellant.
 No. 92-10507.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 MEMORANDUM**
 Before CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 Tony Ahumada Martinez appeals his conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). He challenges the denial of his pre-trial motion to suppress the marijuana seized from his truck. He asserts that the district court erred in determining that his initial detention was an investigatory stop, and not an arrest, and that he voluntarily consented to the search of his truck. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 2
 * We review de novo whether there was founded suspicion to justify an investigatory stop. United States v. Sanchez-Vargas, 878 F.2d 1163, 1166 (9th Cir.1989); United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). We review for clear error the findings of fact forming the basis of the district court's conclusion. United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985).
 
 
 3
 Law enforcement officers may make investigatory stops if they are aware of specific, articulable facts which, together with objective and reasonable inferences, lead to a founded suspicion of criminal activity. United States v. Cortez, 449 U.S. 411, 416-18 (1981). Founded suspicion must be considered under the totality of the circumstances and interpreted in light of the trained officer's experience. Id. at 418.
 
 
 4
 An officer need not rule out the possibility of innocent behavior before initiating a stop. Thomas, 863 F.2d at 627. Conduct that alone may appear innocent can be suspicious when viewed in the context of other information or surrounding circumstances known by police. Guam v Ichiyasu, 838 F.2d 353, 355-56 (9th Cir.1988).
 
 
 5
 Agents Kirkpatrick and Byers received a tip from a confidential informant who had worked with the government for five years, supplied information in nearly 50 narcotics cases, and was 90% reliable. The source told agents that a tanker truck was loaded with marijuana in a concealed compartment. The informant also explained that the truck was parked in front of Martinez's home and that it would travel north to Tucson over a secondary road to avoid detection. The agents independently surveilled the truck to corroborate details of the tip.
 
 
 6
 Under the totality of the circumstances, the reliable informant's tip, as corroborated, together with the agents' personal knowledge sufficiently established founded suspicion to justify the investigatory stop of Martinez's truck.
 
 II
 
 7
 We review de novo whether the detention of a suspect amounted to a warrantless arrest or merely furthered an investigatory stop. United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987). Martinez contends that when the agents, with guns drawn, stopped his truck, ordered him to exit and patted him down, they made an arrest. We disagree.
 
 
 8
 We have held that "[t]he use of force does not convert [an investigatory] stop into an arrest if it occurs under circumstances justifying fears of personal safety." Id. Although approaching a suspect with weapons drawn may seem like a drastic measure, it is justified as a reasonable means of "neutralizing danger." United States v. Alvarez, 899 F.2d 833, 838 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991).
 
 
 9
 These agents had strong evidence of drug activity and valid reasons to fear for their safety. Because they believed the truck carried contraband, and such stops were classified as "high risk," Byers and Kirkpatrick drew their guns for protection. Kirkpatrick also testified that there had been numerous shootings in the area. We hold that the agents' actions did not convert the investigatory stop into an arrest.
 
 
 10
 Likewise, the agents' decision to frisk Martinez was justified. An officer has authority to conduct a limited pat-down for weapons during an investigative stop if he has reasons to fear for his safety. United States v. Terry, 392 U.S. 1, 30-31 (1968); see also United States v. Greene, 783 F.2d 1364, 1368 (9th Cir.), cert. denied, 476 U.S. 1185 (1986) (police authorized to take step to assure suspect is unarmed).
 
 
 11
 We hold that Martinez's detention was not an arrest. The agents' behavior clearly was of an investigative stop. We affirm the district court's findings that no arrest took place during this preliminary detention.
 
 III
 
 12
 Martinez also argues that the district court erred in holding that he had voluntarily consented to a search of his truck. He denies ever verbally consenting. Further, he maintains that even if there was consent, it was coerced. Whether consent to search is voluntary is a question of fact, based on the totality of the circumstances and subject to the clearly erroneous standard of review. United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988).
 
 
 13
 Martinez's reliance on United States v. Al-Azzawy, 784 F.2d 890 (9th Cir.1985), cert. denied, 476 U.S. 1144 (1986) is misplaced. Although the agents did not read Martinez his Miranda warnings before asking for his consent, we have held that this is but one factor for the court to consider. United States v. Ritter, 752 F.2d 435, 439 (9th Cir.1985). We have rejected emphatically the notion that "a request to search must be preceded by Miranda warnings, or that the lack of prior Miranda warnings vitiates a consent to search." Id. at 438.
 
 
 14
 The court did not believe Martinez's testimony in which he denied consenting. The court also determined that he consented voluntarily. These findings were not clearly erroneous.
 
 
 15
 Once the agents determined that he was unarmed, they holstered their guns. The agents did not handcuff him. Because Martinez had worked with Byers previously as a paid confidential informant, the parties were congenial and no threats were made. See Castillo, 866 F.2d at 1082 (noting factors relevant to voluntariness of consent). Once consent was obtained, the truck's hidden compartment was detected, and the agents gave Miranda warnings. They then opened the compartment and seized approximately 320 pounds of marijuana.
 
 
 16
 We hold that the district court properly denied Martinez's motion to suppress.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4